No. 18-1347

IN THE

# United States Court of Appeals
## FOR THE THIRD CIRCUIT

*DIGIGLIO AND HESS V. U.S. XPRESS ENTERPRISES, INC., ET AL.*

**On Appeal from the United States District Court
for the Eastern District of Pennsylvania, No. 2:17-cv-01039-CMR**

JOINT MOTION FOR SUMMARY AFFIRMANCE OF
APPELLEES-DEFENDANTS U.S. XPRESS ENTERPRISES, INC.,
WAYNE OSBORNE, DAVID TOMSHECK AND DONITA KEMERER,
AND APPELLEES-DEFENDANTS PRATT (CORRUGATED LOGISTICS), LLC
AND PHAEDRA POWELL

Dated: March 14, 2018

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
John E. MacDonald
989 Lenox Drive, Suite 206
Lawrenceville, New Jersey 08648
Tel: (609) 357-1183
Fax: (609) 357-1196
Email: jmacdonald@constangy.com
*Counsel for Appellees U.S. Xpress
Enterprises, Inc., Wayne Osborne,
David Tomsheck and Donita Kemerer*

OF COUNSEL:
HINSHAW & CULBERTSON LLP
Alan F. Kaufman
*(admission application to be submitted)*
800 Third Avenue, 13th Floor
New York, NY 10022
Tel (212) 471-6209
Fax: (212) 935-1166
Email: akaufman@hinshawlaw.com
*Co-Counsel for Appellees Pratt
(Corrugated Logistics), LLC,
and Phaedra Powell*

PARKER IBRAHIM & BERG LLP
Scott W. Parker
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Tel. (267) 908-9800
Fax: (267) 908-9888
Email: scott.parker@piblaw.com
*Co-Counsel for Appellees Pratt
(Corrugated Logistics), LLC,
and Phaedra Powell*

# TABLE OF CONTENTS

*Page(s)*

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 4

STANDARD OF REVIEW ................................................................................. 6

LEGAL ARGUMENT ........................................................................................ 7

POINT I:    THE DISTRICT COURT CORRECTLY HELD THAT
PLAINTIFFS LACK STANDING BECAUSE THEIR
ALLEGED INJURIES WERE NOT PROXIMATELY
CAUSED BY ANY ACT OF RACKETEERING ............................... 7

POINT II:    THE DISTRICT COURT CORRECTLY FOUND THAT
PLAINTIFFS FAILED TO PLEAD ANY ALLEGED
PREDICATE ACT WITH THE REQUISITE PARTICULARLY .... 11

POINT III:    IN ADDITION TO THE DEFICIENCIES FOUND BY
THE DISTRICT COURT, PLAINTIFFS FAILED TO
PLEAD THE REQUISITE ELEMENTS OF A RICO CLAIM ........ 12

A.    PLAINTIFFS FAILED TO ALLEGE THE
COMMON ELEMENTS OF A RICO CLAIM ........................ 12

I.    Plaintiffs Did Not Adequately Plead
The Existence Of A RICO Enterprise .................................. 13

2.    Plaintiffs Did Not Adequately Plead
A Pattern Of Racketeering Activities ................................... 14

B.  PLAINTIFFS HAVE FAILED TO ALLEGE
A CAUSE OF ACTION UNDER ANY
SECTION OF THE RICO STATUTE ...................................... 16

   1.  Plaintiffs Have Failed To Allege The Existence,
Let Alone The Acquisition, Of An Enterprise
Through A Pattern Of Racketeering,
As Required By 18 U.S.C. § 1962(b) ................................ 17

   2.  Plaintiffs Cannot Show Damage
To Business Or Property
As Required By 18 U.S.C. § 1962(c) ................................ 19

   3.  Plaintiffs Fail To Allege
Any Agreement Or Conspiracy
As Required By 18 U.S.C. § 1962(d) ................................ 20

POINT IV:  THE DISTRICT COURT PROPERLY
DENIED LEAVE TO AMEND ......................................... 22

CONCLUSION ................................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. Ayling*,
297 F. Supp. 2d 805 (E.D. Pa. 2003),
*aff'd*, 396 F.3d 265 (3d Cir. 2005) ................................................................... 10

*Baglio v. Baska*,
940 F. Supp. 819 (W.D. Pa. 1996),
*aff'd* 116 F.3d 467 (3d Cir. 1997) ................................................................... 10

*Banks v. Wolk*,
918 F.2d 418 (3d Cir. 1990) ................................................................... 17, 18

*Beck v. Prupis*,
529 U.S. 494 (2000) ................................................................... 10

*Breslin v. Brainard*,
No. 01-7269, 2003 U.S. Dist. LEXIS 19609
(E.D. Pa. Oct. 14, 2003) ................................................................... 21

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ................................................................... 22

*Cooper v. Broadspire Servs., Inc.*,
No. Civ. A. 04-5298, 2005 U.S. Dist. LEXIS 14752
(E.D. Pa. July 20, 2005) ................................................................... 10

*Cottman Transmission Sys., LLC v. Kershner*,
536 F. Supp. 2d 543 (E.D. Pa. 2008) ................................................................... 17, 18, 23

*Dianese, Inc. v. Comm. of Pa.*,
No. 01-2520, 2002 U.S. Dist. LEXIS 10917
(E.D. Pa. June 19, 2002) ................................................................... 13

*Doe v. Schneider*,
667 F. Supp. 2d. 524 (E.D. Pa. 2009) ................................................................... 19

*Espigh v. U.S.*,
251 Fed.Appx. 758 (3d Cir. 2007) ................................................................... 6

i

*Foman v. Davis,*
    371 U.S. 178 (1962) ........................................................................ 22

*Genty v. Resolution Trust Corp.,*
    937 F.2d 899 (3d Cir. 1991) .................................................... 10, 19

*H.J., Inc. v. Northwestern Bell Tel. Co.,*
    492 U.S. 229 (1989) ...................................................................... 15

*Hanover Ins. Co. v. Urban Outfitters, Inc.,*
    806 F.3d 761 (3d Cir. 2015) .......................................................... 6

*Holmes v. Secs. Inv'r Prot. Corp.,*
    503 U.S. 258 (1992) ........................................................................ 8

*Jablonski v. Pan Am. World Airways, Inc.,*
    863 F.2d 289 (3d Cir. 1988) ........................................................ 22

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
    926 F.3d 1406 (3d Cir. 1991) ................................................ 14-15

*Kernus v. Morrison,*
    No. 94-3179, 1996 U.S. Dist. LEXIS 4769
    (E.D. Pa. Apr. 16, 1996) .............................................................. 12

*Knit With v. Knitting Fever, Inc.,*
    No. 08-4221, 2011 U.S. Dist. LEXIS 25174
    (E.D. Pa. Mar. 10, 2011) .............................................................. 20

*Leonard v. Shearson Lehman/American Express, Inc.,*
    687 F. Supp. 177 (E.D. Pa. 1988) .............................................. 18

*Lightning Lube v. Witco Corp.,*
    4 F.3d 1153 (3d Cir. 1993) .............................................. 17, 18, 20

*Macauley v. Estate of Nicholas,*
    7 F. Supp. 3d 468, 481 (E.D. Pa. 2014) ...................................... 19

*Magnum v. Archdiocese of Philadelphia,*
    253 F. Appx. 224 (3d Cir. 2007) .................................................. 20

*McTernan v. City of York,*
    577 F.3d 521 (3d Cir. 2009) .......................................................... 6

*MDNet, Inc. v. Pharmacia Corp.*,
    147 Fed. Appx. 239 (3d Cir. 2005) ........................................................ 11

*Northwestern Human Servs. v. Panaccio*,
    2004 U.S. Dist. LEXIS 19147 (E.D. Pa. Sept. 24, 2004) .................................. 11

*Rehkop v. Berwick Healthcare Corp.*,
    95 F.3d 285 (3d Cir. 1996) ........................................................................ 8

*Sedima, S.P.R.L. v. Imrex Co.*,
    473 U.S. 479 (1985) ................................................................................... 8

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
    742 F.2d 786 (3d Cir. 1984) .................................................................... 13

*Shearin v. E.F. Hutton Group, Inc.*,
    885 F.2d 1162 (3d Cir. 1989) .................................................................. 10

*Southern Cross Overseas Agencies, Inc. v.*
    *Wah Kwong Shipping Group, Ltd.*,
    181 F.3d 410 (3d Cir. 1999) ..................................................................... 6

*Tabas v. Tabas*,
    47 F.3d 1280 (3d Cir. 1995) ............................................................. 14, 15

*Zimmerman v. HBO Affiliate Group*,
    834 F.2d 1163 (3d Cir. 1987) .................................................................. 19

**Statutes**

18 U.S.C. § 1962 ..........................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 9 .................................................................................. 2, 11

Fed. R. Civ. P. 12 ..................................................................................... 22

Third Cir. L.A.R. 27.4 .......................................................................... 1, 6

Internal Operating Procedure 10.6 ........................................................ 1, 6

Pursuant to Local Appellate Rule 27.4 and Internal Operating Procedure 10.6, defendants-appellees U.S. Xpress Enterprises, Inc. ("U.S. Xpress"), Wayne Osborne, David Tomsheck and Donita Kemerer and defendants-appellees Pratt (Corrugated Logistics), LLC ("Pratt"), and Phaedra Powell (collectively, "Appellees") respectfully submit this joint motion for summary affirmance of the District Court's dismissal with prejudice of all claims asserted by plaintiffs-appellants Anthony DiGiglio and Dorson Hess (collectively, "Appellants" or "Plaintiffs"). For purposes of this motion and this appeal, the facts are not disputed.[1] In addition, this appeal presents no substantial question, as set forth below.

## INTRODUCTION

Having previously brought a failed False Claims Act action against their former employer U.S. Xpress, Plaintiffs filed here in the Eastern District of the Pennsylvania (the "District Court") the sparsely-worded Amended Complaint, asserting a single cause of action under the Racketeer Influenced and Corrupt Organization Act ("RICO"). That RICO claim allegedly concerns mail and wire fraud arising out of violations of various United States Department of Transportation ("DOT") rules and regulations.

---

[1]   Appellees do not contest at this time the allegations made in the Amended Complaint dated May 12, 2017 ("Amended Complaint") for purposes of this motion and this appeal, but reserve all rights in that regard.

3013 19229v3 0998621

Plaintiffs, truck drivers, were employees of U.S. Xpress. During the course of their employment with U.S. Xpress, Plaintiffs delivered and picked up products from an outsourced job site at a Pratt facility in Macungie, Pennsylvania. Plaintiffs claim that, due to their complaints/objections relating to various DOT violations, they were "constructively and actually terminated" in 2014 from their employment with U.S. Xpress, thereby purportedly giving rise to their RICO claim against all Appellees.

As a threshold matter, Plaintiffs lack standing to assert a RICO claim arising out of alleged fraud committed strictly against the DOT. As the District Court correctly and explicitly stated, "[A] plaintiff fired for complaining about or reporting allegedly illegal acts cannot bring a RICO claim; *the plaintiff must be a direct victim of an act of racketeering.*" (emphasis added). Here, as found by the District Court, there is no proximate cause between the alleged fraud on the DOT and Plaintiffs' alleged termination from their employment with U.S. Xpress.

Putting aside *arguendo* the standing issue, the District Court also correctly found that the Amended Complaint (subject to the heightened pleading requirements of Fed. R. Civ. P. 9) does not sufficiently detail predicate racketeering acts – failing to offer any specifics concerning the mail and wire fraud allegations at the heart of its RICO claim. Specifically, the District Court held that "Plaintiffs have not adequately pleaded predicate acts of racketeering . . .

2

. Because Plaintiffs have not clearly identified the details of the alleged fraudulent transactions, such as the specific time, place, and contents of the alleged fraud, or how the transactions were false and misleading, the RICO claim fails on this basis as well."

For those reasons alone, the District Court correctly dismissed Plaintiff's Amended Complaint with prejudice. Even beyond the District Court's findings, there are additional bases upon which to dismiss the Amended Complaint, which the District Court had not even needed to reach.

For example, in addition to the many technical pleading deficiencies (*e.g.,* Plaintiffs do not even specify under which section of 18 U.S.C. § 1962 they were asserting their claims), Plaintiffs simply fail to allege the fundamental elements of a RICO claim because, among other things, they:

- fail to allege the existence of an enterprise;

- fail to allege the organizational structure of an enterprise;

- fail to allege a pattern of racketeering activity;

- fail to allege the acquisition of an enterprise through an pattern of racketeering, as required by 18 U.S.C. § 1962(b); and

- fail to allege damage to business or property, as required by 18 U.S.C. § 1962(c).

Accordingly, as set forth below, this Court should summarily affirm the dismissal of the Amended Complaint in its entirety and with prejudice.

3

# BACKGROUND

This is an appeal from the District Court's Order and accompanying Opinion Memorandum[2] of February 5, 2018 (the "Opinion"), dismissing with prejudice the Amended Complaint.[3]

The factual recitation, as summarized by the District Court, is set forth below:

> The amended complaint alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. Defendant U.S. Xpress provides trucking services throughout the United States. Plaintiffs worked as commercial truck drivers for U.S. Xpress for roughly eighteen months and six months, respectively. During the course of their employment with U.S. Xpress, Plaintiffs transported products from an outsourced job site located at Defendant Pratt's facility in Macungie, Pennsylvania. Plaintiffs worked with the following individual Defendants at U.S. Xpress: Wayne Osborne, David Tomsheck, Donita Kemerer, and Christine "Doe." Plaintiff also interacted with Defendants Fayedra Powell and Christian Westgate, who worked as shipping managers for Pratt at the time of the incidents alleged in the amended complaint.
>
> Plaintiffs allege that during their employment with U.S. Express, they were "repeatedly encouraged and effectively forced" to violate Department of Transportation ("DOT") regulations in an effort to increase revenues for the company. For example, Plaintiffs allege that they were encouraged to underreport

---

2    A true and correct of the District Court's Order and accompanying Memorandum is attached to this Motion as **Exhibit 1.**

3    A true and correct of the Amended Complaint is attached as **Exhibit 2.**

4

driving hours to the DOT so that they could work longer hours on the road. Plaintiffs also witnessed U.S. Xpress cut corners by failing to weigh trucks, conduct inspections, and repair faulty equipment, in an effort to make deliveries faster. This conduct continued when U.S. Xpress made false reports to the federal, state, and local governments and wrongfully avoided payment of appropriate taxes and highway tolls, which according to Plaintiffs constitutes mail and wire fraud. Plaintiffs allege that each violation "was designed to save . . . U.S. Xpress money and avoid the payment of . . . fines," despite putting its employees and others in danger.

Plaintiffs complained about the lack of compliance with DOT regulations, but rather than change its practices, Defendants threatened to give Plaintiffs fewer driving assignments, to put Plaintiffs on medical leave without pay, and to not provide Plaintiffs accommodations while on the road. Plaintiffs allege that they were physically and emotionally harmed from these threats, and were eventually given fewer work assignments. After failing to secure enough work, Plaintiffs resigned. Plaintiffs bring this action asserting a sole civil RICO claim against all Defendants. Defendants moved to dismiss the amended complaint in its entirety, arguing that Plaintiffs failed to establish standing to bring the RICO claim, and failed to plausibly state a claim for relief under the civil RICO statute.

(Opinion, pp. 1-3.)

On or about July 6, 2015, Plaintiffs (through their same counsel) initiated a False Claims Act action against U.S. Xpress in the District of New Jersey, Case

301319229v3 0998621

No. 15-cv-05211-RMB-AMD.    After the United States declined intervention on April 4, 2016, Plaintiffs voluntarily dismissed the action on April 14, 2016.[4]

On March 8, 2017, Plaintiffs initiated the underlying proceeding, asserting a single RICO claim.    Plaintiffs filed the Amended Complaint on May 12, 2017. Even with their amendment, Plaintiffs' claim fails as a matter of law.

## STANDARD OF REVIEW

The Court may summarily affirm an appeal that presents no substantial question.  3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; *see also Espigh v. U.S.*, 251 Fed.Appx. 758 (3d Cir. 2007).  The Court reviews a district court's decision on a motion to dismiss and a motion for judgment on the pleadings *de novo*, accepting all well-pleaded facts as true and drawing all reasonable inferences in the non-movant's favor.  *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (motion to dismiss); *Hanover Ins. Co. v. Urban Outfitters, Inc.*, 806 F.3d 761, 764 (3d Cir. 2015) (motion for judgment on the pleadings).

As more fully set forth below, the District Court's dismissal with prejudice of the Amended Complaint should be summarily affirmed.

---

[4]    A court may take judicial notice of court documents to establish the fact of the litigation or of the filings themselves.  *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999).

3013 19229v3 0998621

## LEGAL ARGUMENT

### I. THE DISTRICT COURT CORRECTLY HELD THAT PLAINTIFFS LACK STANDING BECAUSE THEIR ALLEGED INJURIES WERE NOT PROXIMATELY CAUSED BY ANY ACT OF RACKETEERING

Plaintiffs' allegations that they were collaterally, rather than directly, injured by alleged racketeering acts do not confer standing upon them as a matter of law. Plaintiffs allege that, during the course of their employment with U.S. Xpress, they were repeatedly encouraged and effectively forced to violate various DOT safety-related rules and regulations, in order to avoid costs associated with adherence to DOT and other regulations and to avoid paying appropriate taxes and toll fees for its vehicles. (Amended Complaint ¶¶ 18-32, 36.) Plaintiffs further allege that they complained about these purported practices, but that their "complaints angered Defendant U.S. Xpress' and Defendant Pratt's management and resulted in Plaintiff DiGiglio not getting any assignments and Plaintiff Hess being forced to resign because he also had insufficient work assignments." (*Id.* ¶ 33.)

Plaintiffs' allegations, on their face, fail to establish an actionable RICO claim as a matter of law.

As the District Court correctly stated:

> To have standing under RICO, a plaintiff must show (1) that his business or property was injured (2) by reason of a violation of the racketeering statute. The United States

7

301319229v3 0998621

> Supreme Court shed light on the "by reason of" prong in holding that a plaintiff must sufficiently allege that the defendant's RICO violation was not only a 'but for' cause of this injury, but also that it was the proximate cause . . . . [T]he plaintiff must allege that he was injured by "'an act that is independently wrongful under RICO,' and not merely by a non-racketeering act in furtherance of a broader RICO conspiracy . . . . In other words, a plaintiff fired for complaining about or reporting allegedly illegal acts cannot bring a RICO claim; the plaintiff must be a direct victim of an act of racketeering."

(Opinion, pp. 3-5 (citing *Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir. 2005); *Holmes v. Secs. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992)); *Beck v. Prupis*, 529 U.S. 494, 505 (2000)); *see also Holmes*, 503 U.S. at 268 (RICO requires a showing of proximate cause, which demands a "direct relation between the injury asserted and the injurious conduct alleged"); *Rehkop v. Berwick Healthcare Corp.*, 95 F.3d 285, 288 (3d Cir. 1996) ("a plaintiff only has standing if she is injured in her business or property by the conduct constituting the violation.")

In fact, as stated by Plaintiffs themselves, "[t]he RICO violation alleged must proximately cause a plaintiff's injuries. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 265-68 (1992). Moreover, a plaintiff 'has standing if, and can only recover to the extent that, he has been injured in his business or property *by the conduct constituting the violation [of RICO].*' *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)." (Dkt 20, p. 5 (emphasis added).)

301319229v3 0998621

Here, as set forth in their Amended Complaint, Plaintiffs' alleged injuries are as follows:

- "Plaintiffs' complaints angered [Defendants] . . . and resulted in Plaintiff DiGiglio not getting any assignments." (Amended Complaint ¶¶ 33, 45, 47.)

- Plaintiffs' complaints angered Defendants resulting in Plaintiff Hess being forced to resign because he also had insufficient work assignments. (*Id.* ¶¶ 33, 45, 47.)

- "When Plaintiffs complained about having to behave criminally and compromise general safety, their hours were cut by Defendants." (*Id.* ¶ 43.)

- "Plaintiffs were constructively and actually terminated because of their refusal to continue to engage in ongoing criminal racketeering conspiracy with all Defendants. Plaintiffs were harmed by ongoing threats in order to attempt to ensure compliance with the racketeering conspiracy. This harm was both physical and emotional since Plaintiffs were ordered to drive when legally they should have been resting in order to advance all Defendants' wire and mail fraud racketeering and profiteering." (*Id.* ¶ 48.)

These allegations boil down to three types of purported tortious acts, namely: (a) constructive discharge/termination; (b) loss of hours/assignments; and (c) physical and emotional harm from threats. However, none of these actions are independently wrongful under the civil RICO statute. Rather, the victims of the purported mail and wire fraud were federal, state, and local governments – not Plaintiffs. (*See* Opinion, p. 5.)

Accordingly, none of Plaintiffs' alleged injuries can legitimately be said to have been directly or proximately caused by any act of racketeering -- and as such

9

Plaintiffs lack standing to bring a RICO claim.[5] *See Beck v. Prupis*, 529 U.S. 494, 498-99 (2000) (employees terminated for refusing to participate in or who threaten to report RICO activities do not have RICO standing to sue for loss of employment); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991) (emotional distress and medical expenses arising from exposure to toxic waste do not confer RICO standing); *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1168 (3d Cir. 1989) (plaintiff lacked standing to bring Section 1962(c) claim because predicate acts did not cause loss of job); *Cooper v. Broadspire Servs., Inc.*, No. Civ. A. 04-5298, 2005 U.S. Dist. LEXIS 14752 (E.D. Pa. July 20, 2005) (assertion of RICO claim requires "more than an abstract need or desire for [the interest or benefit] . . . , [but] must, instead, have a legitimate claim of entitlement to it.") (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)); *Anderson v. Ayling*, 297 F. Supp. 2d 805, 811-12 (E.D. Pa. 2003), *aff'd*, 396 F.3d 265 (3d Cir. 2005) (loss of job does not create RICO standing).

Therefore, in the absence of a direct injury or proximate cause, the District Court correctly concluded that Plaintiffs lack standing to assert a civil RICO claim. (*See* Opinion, pp. 3-5.)

---

[5]   As explained in *Baglio v. Baska*, 940 F. Supp. 819, 833 (W.D. Pa. 1996), *aff'd*, 116 F.3d 467 (3d Cir. 1997), "[e]ven if the underlying predicate acts formed a pattern of racketeering activity, ***they must also have directly caused the plaintiff's injury*.**" (emphasis added).

30 1319229v3 0998621

## II.    THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFFS FAILED TO PLEAD ANY ALLEGED PREDICATE ACT WITH THE REQUISITE PARTICULARLY

Because Plaintiffs' RICO claim "is based on alleged predicate acts of mail and wire fraud, their allegations must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *Northwestern Human Servs. v. Panaccio*, 2004 U.S. Dist. LEXIS 19147, at *27 (E.D. Pa. Sept. 24, 2004). To satisfy Rule 9(b), Plaintiffs must plead with particularity "the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Plaintiffs may satisfy this burden by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Plaintiffs must also allege "who made a misrepresentation to whom and the general content of the misrepresentation."[6] *Id.* at *28. Here, Plaintiffs' generalized, nebulous and conclusory allegations provide no detail whatsoever – failing well short of the pleading requirements -- and were properly dismissed.

---

[6]    In addition, "[w]hen multiple defendants are involved, the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant." *MDNet, Inc. v. Pharmacia Corp.*, 147 Fed. Appx. 239, 245 (3d Cir. 2005) (citing *Cinalli v. Kane*, 191 F. Supp. 2d 601, 609 (E.D. Pa. 2002)). Here, Plaintiffs fail to provide any detail as to which specific Defendants did what, when, how, etc., instead improperly lumping all Defendants together. (*See, e.g.,* Amended Complaint ¶¶ 21, 23, 30, 32, 37, 40, 42, 48, 50.)

11

As correctly found by the District Court:

> Plaintiffs allege that the evidence they "will provide in discovery will detail the extent of violations" and that "[t]he cumulative effect of [Defendants'] actions and omissions resulted in Defendants mailing and wiring fraudulent statements." But Plaintiffs must comply with Rule 9(b) before there can be discovery. Because Plaintiffs have not clearly identified the details of the alleged fraudulent transactions, such as the specific time, place, and contents of the alleged fraud, or how the transactions were false and misleading, the RICO claim fails on this basis as well.

(Opinion, p. 6.)

Accordingly, for multiple reasons, the District Court properly dismissed the Amended Complaint with prejudice.

## III. IN ADDITION TO THE DEFICIENCIES FOUND BY THE DISTRICT COURT, PLAINTIFFS FAILED TO PLEAD THE REQUISITE ELEMENTS OF A RICO CLAIM

### A. PLAINTIFFS FAILED TO ALLEGE THE COMMON ELEMENTS OF A RICO CLAIM

To sustain a civil RICO claim under 18 U.S.C. §§ 1962(a), (b), (c) and/or (d), a plaintiff must show "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." *Kernus v. Morrison*, No. 94-3179, 1996 U.S. Dist. LEXIS 4769, at *11-12 (E.D. Pa. Apr. 16, 1996) (quoting *Marshall-Silver Constr. Co. v. Mendel*, 894 F.2d 593 (3d Cir. 1990)). Here, Plaintiffs have not and cannot make the requisite showing of the common elements of (1) the existence of an enterprise, or (2) a pattern of racketeering activity.

1.   **Plaintiffs Did Not Adequately Plead
     The Existence Of A RICO Enterprise**

To plead the existence of a RICO enterprise, a plaintiff must allege: (1) that the enterprise is an ongoing organization with some sort of framework or superstructure for making or carrying out decisions; (2) that the members of the enterprise function as a continuing unit with established duties; and (3) that the enterprise must be separate and apart from the pattern of activity in which it engages. *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 789-90 (3d Cir. 1984). Here, Plaintiffs make no allegation of an ongoing organization with some sort of framework or superstructure for making or carrying out decisions, or that the members of the enterprise function as a continuing unit with established duties.

In addition, when a pleading like Plaintiffs' "affirmatively negate[s]" the existence of an enterprise that is "separate and apart from the pattern of activity in which it engages" or describes an enterprise that is indistinguishable from the alleged conspiracy, the RICO claim must be dismissed. *Id.*; *see also Dianese, Inc. v. Comm. of Pa.*, No. 01-2520, 2002 U.S. Dist. LEXIS 10917, at *36-37 (E.D. Pa. June 19, 2002). Here, Plaintiffs affirmatively negate the existence of a RICO enterprise because their sparse allegations of conspiracy are limited to the underlying offenses. (*See, e.g.,* Amended Complaint ¶ 40 ("All Defendants conspired in a daily process of racketeering, to wit wire and mail fraud, by falsely

13

completing federal forms and transmitting same to federal authorities. The conspiracy was explicit and verbal in that all Defendants engaged in the same behavior and articulated the illegal activity to be performed and articulated threats if there were complaints as to the illegal activity to be performed.").) In other words, the allegations of the conspiracy between Defendants are limited to the alleged underlying offense of wire and mail fraud.

Accordingly, Plaintiffs have not and cannot allege the requisite elements to show the existence of an enterprise.

### 2.    Plaintiffs Did Not Adequately Plead A Pattern Of Racketeering Activity

"To prove a pattern of racketeering activity, a plaintiff must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Tabas v. Tabas*, 47 F.3d 1280, 1292 (3d Cir. 1995) (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). RICO thus imposes two additional requirements: relatedness and continuity.

The continuity requirement encompasses two temporal notions:(1) a closed-ended concept, referring to a closed period of a substantial length of time of repeated conduct, and (2) an open-ended concept, referring to "conduct that by its nature projects into the future with a threat of repetition." *Tabas*, 47 F.3d at 1292. For purposes of continuity analysis, the court must look to the underlying scheme

14

rather than to the predicate acts themselves. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1414 (3d Cir. 1991).

Closed-end continuity requires that plaintiffs allege conduct continuing over a "substantial period of time." *H.J., Inc.*, 492 U.S. at 242; *Tabas*, 47 F.3d at 1293. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc.*, 492 U.S. at 242. Here, Plaintiffs fail to allege for just how long the supposed racketeering activity had been taking place. The closest they come is to say that they were each employed by U.S. Xpress for approximately eighteen months. (*See* Amended Complaint ¶ 2.)

The same lack of factual allegations dooms Plaintiffs' claims under the open-ended continuity analysis. "[O]pen-ended continuity may be satisfied 'where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business . . . or of conducting or participating in an ongoing and legitimate RICO 'enterprise.'" *Tabas*, 47 F.3d at 1295 (quoting *H.J. Inc.*, 492 U.S. at 243). However, the Amended Complaint contains no factual allegations in support of their contention that the Defendants engaged in this practice as a regular part of their ongoing business.

Accordingly, Plaintiffs have not alleged an adequate pattern of racketeering activity, thereby requiring the dismissal of the Amended Complaint.

15

\*\*\*

Given that Plaintiffs have not alleged even the basic elements of a RICO claim, the Amended Complaint was properly dismissed, regardless of the Section of RICO asserted by Plaintiffs.

## B.    PLAINTIFFS HAVE FAILED TO ALLEGE A CAUSE OF ACTION UNDER ANY SECTION OF THE RICO STATUTE

A civil RICO cause of action is created by 18 U.S.C. § 1964(c), which states: "Any person injured in his business or property by reason of a violation of § 1962 . . . may sue therefor . . . and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . ." The reference to § 1962 incorporates four separate causes of action:

- Investment. Under 18 U.S.C. § 1962(a), it is unlawful to invest income derived from a pattern of racketeering activity to acquire any interest in any enterprise that is engaged in interstate or foreign commerce.

- Acquisition. Under 18 U.S.C. § 1962(b), it is unlawful to acquire or maintain any interest in, or control of, any enterprise through a pattern of racketeering activity.

- Participation. Under 18 U.S.C. § 1962(c), it is unlawful for any person to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity.

- Conspiracy. Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of" 18 U.S.C. §§ 1962(a)-(c).

Here, Plaintiffs fail even to identify under which section(s) they are seeking relief.

16

From the face of the Amended Complaint, Plaintiffs cannot be asserting a claim under Section 1962(a) because their allegations concern a purported scheme to *save* money. (*See* Amended Complaint ¶¶ 18-32.) Plaintiffs do not and cannot allege any injury resulting from the investment of racketeering income. *See Lightning Lube v. Witco Corp.,* 4 F.3d 1153, 1188 (3d Cir. 1993) (under this section, which is primarily directed at halting investment of racketeering proceeds into legitimate businesses, including practice of money laundering, plaintiff must allege an injury resulting from the investment of racketeering income).

Therefore, to the extent that the Amended Complaint -- under the most generous reading *arguendo* – asserts a claim under Sections (b), (c), or (d), those claims fail as a matter of law.

**1.    Plaintiffs Have Failed To Allege The Existence, Let Alone The Acquisition, Of An Enterprise Through A Pattern Of Racketeering, As Required By 18 U.S.C. § 1962(b)**

To state cause of action under 18 U.S.C. § 1962(b), Plaintiffs must allege: (1) defendant has an interest in an enterprise; (2) defendant gained or maintained that interest through a pattern of racketeering; and (3) the enterprise affects interstate commerce. *See Cottman Transmission Sys., LLC v. Kershner*, 536 F. Supp. 2d 543, 560 (E.D. Pa. 2008). A plaintiff must establish that the interest or control of the RICO enterprise by the person is as a result of racketeering. *Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990). It is not enough for the plaintiff merely

17

to show that a person engaged in racketeering has an otherwise legitimate interest in an enterprise. Rather, it must be established firmly that there is a nexus between the interest and the alleged racketeering activities. *See Lightning Lube,* 4 F.3d at 1190. Obviously, stating that Appellees acquired and maintain their market position is not the same as stating that they acquired an interest or control of a RICO enterprise or that they did so through a pattern of racketeering.

Additionally, a plaintiff "must show injury from the defendant's acquisition or control of an interest" of the enterprise, in addition to injury from the predicate acts. *Banks*, 918 F.2d at 421; *Leonard v. Shearson Lehman/American Express, Inc.,* 687 F. Supp. 177, 181 (E.D. Pa. 1988). "In order to recover under this section, 'a plaintiff must show injury from the defendant's acquisition or control of an interest in a RICO enterprise, in addition to injury from the predicate acts. Such an injury may be shown, for example, where the owner of an enterprise infiltrated by the defendant as a result of racketeering activities is injured by the defendant's acquisition or control of his enterprise. . . . In addition, the plaintiff must establish that the interest or control of the RICO enterprise by the person is as a result of racketeering.'" *Kershner*, 536 F. Supp. 2d at 560 (quoting *Lightning Lube,* 4 F.3d at 1190).

Here, Plaintiffs do not allege the existence of an enterprise, let alone that Appellees gained or maintained an interest in an enterprise, or that they did so

through a pattern of racketeering. Therefore, Plaintiffs have not and cannot state a viable claim under 18 U.S.C. § 1962(b).

### 2. Plaintiffs Cannot Show Damage To Business Or Property, As Required By 18 U.S.C. § 1962(c)

To state cause of action under 18 U.S.C. § 1962(c), "a plaintiff must allege defendants: (1) conducted; (2) an enterprise, (3) through a pattern; (4) of racketeering activity; (5) resulting in damage to plaintiff's business or property." *Macauley v. Estate of Nicholas*, 7 F. Supp. 3d 468, 481 (E.D. Pa. 2014). As set forth above, Plaintiffs do not allege the conduct of an enterprise and a pattern of racketeering activity. With specific regard to 18 U.S.C. § 1962(c), Plaintiffs also fail to properly allege damage to their business or property.

The term damage to "business or property" in § 1964(c) excludes personal injuries and the economic losses derived therefrom. *Genty*, 937 F.2d at 918 (emotional distress and medical expenses arising from alleged exposure to toxic waste do not confer RICO standing); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1169 (3d Cir. 1987) (affirming dismissal for failure to state RICO claim where only mental distress was alleged); *Doe v. Schneider*, 667 F. Supp. 2d. 524 (E.D. Pa. 2009).

Here, Plaintiffs claim "both physical and emotional harm . . . ." (Amended Complaint ¶ 48.) However, that type of loss does not qualify as an injury to

19

business or property. *See id.; see also Magnum v. Archdiocese of Philadelphia*, 253 F. Appx. 224, 226 (3d Cir. 2007) (non-precedential opinion).

Furthermore, being constructively terminated as at-will employees and/or losing hours does not constitute an injury to business or property. *See Cooper v. Broadspire Servs.*, Inc., No. Civ. A. 04-5298, 2005 U.S. Dist. LEXIS 14752 (E.D. Pa. July 20, 2005) (RICO claim requires "more than an abstract need or desire for [the interest or benefit] . . . , [but] must, instead, have a legitimate claim of entitlement to it.")

Accordingly, Plaintiffs cannot establish any injury, let alone one to business or property.

### 3. Plaintiffs Fail To Allege Any Agreement Or Conspiracy, As Required Under Section 18 U.S.C. § 1962(d)

Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." As an initial point, given that Plaintiffs' claims under 18 U.S.C. § 1962(a)-(c) are deficient, so too their claim under Section 1962(d) fails. *See Lightning Lube, Inc.*, 4 F.3d at 1191.

In addition, Plaintiffs failed to set forth the essential elements for a claim under Section 1962(d), which are: "(1) knowledge of the corrupt enterprise's activities and (2) agreement to facilitate those activities." *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2011 U.S. Dist. LEXIS 34233, at *9 (E.D. Pa. Mar. 10,

20

2011) (citing *Salinas v. U.S.*, 522 U.S. 52, 66 (1997)). "Underlying a § 1962(d) claim is the requirement that plaintiff must show that defendants agreed to the commission of a 'pattern of racketeering.'" *Breslin v. Brainard*, No. 01-7269, 2003 U.S. Dist. LEXIS 19609, at *45 (E.D. Pa. Oct. 14, 2003) (citing *Banks*, 918 F.2d at 418).

Not only did Plaintiffs fail to allege existence of an enterprise (as set forth above), Plaintiffs also did not allege any type of agreement amongst the Defendants. In fact, the word "agreement" does not appear in the Amended Complaint. Plaintiffs' sole allegation that even arguably contains any substance in relation to a purported conspiracy is set forth in two boilerplate sentences, which state: "All Defendants conspired in a daily process of racketeering, to wit wire and mail fraud, by falsely completing federal forms and transmitting same to federal authorities. The conspiracy was explicit and verbal in that all Defendants engaged in the same behavior and articulated the illegal activity to be performed and articulated threats if there were complaints as to the illegal activity to be performed." (Amended Complaint ¶ 40.) That is plainly insufficient.

In short, Plaintiffs have failed to plead the factual existence of any agreement or conspiracy, thereby requiring dismissal of any Section 1962(d) claim.

***

301319229v3 0998621

Accordingly, even though the District Court did not need to reach this fact, Plaintiffs have pled no viable claim under any section of 18 U.S.C. § 1962.

## IV.    THE DISTRICT COURT PROPERLY DENIED LEAVE TO AMEND

Leave to amend may be denied if the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility" challenges an amendment's legal sufficiency. In assessing futility, the Court applies the same standard of legal sufficiency as applied under Rule 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) ("Futility is determined by the likelihood that the content of the amendment will survive a renewed motion to dismiss").

As noted by the District Court, "Plaintiffs amended once, as of right, after Defendants' initial motion to dismiss, and have not explained how further amendment would cure the deficiencies identified above." (Opinion, p. 6.) That fact remains true despite Plaintiffs having had multiple rounds of briefing, in response to U.S. Xpress' motion to dismiss and in response to Pratt's motion to dismiss. As such, as correctly stated by the District Court, "[f]uther amendment would be futile . . . ." (*Id.*) Accordingly, the District Court correctly dismissed the Amended Complaint with prejudice.

30 1319229v3 0998621

## CONCLUSION

WHEREFORE, Appellees respectfully request that the Court grant the relief requested in this Motion and summarily affirm the District Court's Order and Opinion.

Dated: March 14, 2018

Respectfully submitted,

By: /s/ John E. MacDonald
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
John E. MacDonald
989 Lenox Drive, Suite 206
Lawrenceville, New Jersey 08648
Tel: (609) 357-1183
Fax: (609)357-1196
Email: jmacdonald@constangy.com
*Counsel for Appellees U.S. Xpress*
*Enterprises, Inc., Wayne Osborne,*
*David Tomsheck and Donita Kemerer*

–and–

OF COUNSEL:
HINSHAW & CULBERTSON LLP
Alan F. Kaufman
*(admission application to be submitted)*
800 Third Avenue, 13th Floor
New York, NY 10022
Tel (212) 471-6209
Fax: (212) 935-1166
Email: akaufman@hinshawlaw.com
*Co-Counsel for Appellees*
*Pratt (Corrugated Logistics), LLC,*
*and Phaedra Powell*

By: /s/ Scott W. Parker
PARKER IBRAHIM & BERG LLP
Scott W. Parker
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Tel. (267) 908-9800
Fax: (267) 908-9888
Email: scott.parker@piblaw.com
*Co-Counsel for Appellees*
*Pratt (Corrugated Logistics), LLC,*
*and Phaedra Powell*

23

## CERTIFICATE OF SERVICE

This 14th day of March, 2018, I, Scott W. Parker, certify that I served copies

of the foregoing Joint Motion of Defendants-Appellees for Summary Affirmance

upon the following via the Court's CM/ECF system:

Stephen Thomas O'Hanlon, Esq.
The O'Hanlon Law Firm
1500 John F. Kennedy Boulevard
2 Penn Center, Suite 1850
Philadelphia, PA 19102
*Attorneys for Plaintiffs-Appellants,*
Anthony DiGiglio and Dorson Hess

John E. MacDonald, Esq.
Constangy, Brooks, Smith & Prophete, LLP
989 Lenox Drive, Suite 206
Lawrenceville, New Jersey 08648
*Attorneys for Defendants-Appellees,*
U.S. Xpress Enterprises, Inc., Wayne Osborne,
David Tomshack and Donita Kemmerer